IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN JONES, | ) |
|     Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-176 (MTT) |
| FEDERAL DEPOSIT INSURANCE CORP., as receiver for McIntosh State Bank, | ) |
|     Defendant. | ) |

## ORDER

Before the Court is the Defendant's Motion to Dismiss. (Doc. 7). At this time, the Court declines to rule at this time on the Defendant's motion given the questions of subject matter jurisdiction that exist and the inability to resolve these questions based on the parties' current filings. Therefore, pursuant to Fed. R. Civ. P. 12(a)(4), the Court postpones its ruling on the Defendant's motion. The Court further **ORDERS**:

1. The Plaintiff shall recast his Complaint. In so doing, he should state his allegations with the greatest specificity possible, fully asserting the factual underpinnings of his claims and enumerating the *precise* cause(s) of action upon which they rest. The Plaintiff is reminded to consider the interplay between state common law and Georgia's version of the Uniform Commercial Code. The recast Complaint should be filed within **14 days** of the entry of this Order.

2. The Defendant, within **21 days** of the Plaintiff's filing of his recast Complaint, shall file an Answer to the Plaintiff's recast Complaint. In its Answer, the Defendant is reminded to assert with specificity any and all affirmative defenses on which it relies.

3. If the Plaintiff desires to file a motion to remand this case to state court pursuant to 12 U.S.C. § 1819(b)(2)(D), he must do so within **14 days** of the filing of the Defendant's Answer. The Plaintiff is further reminded that, if he does choose to file a motion to remand, he should address the extent to which any federal law-based defenses the Defendant raises are "colorable" defenses. *See, e.g.*, *Diaz v. McAllen State Bank*, 975 F.2d 1145 (5th Cir. 1992); *Reding v. Federal Deposit Ins. Corp.*, 942 F.2d 1254 (8th Cir. 1991); *Lazuka v. Federal Deposit Ins. Corp.*, 931 F.2d 1530 (11th Cir. 1991).

4. Any response or reply occasioned by the Plaintiff's motion to remand, if one is filed, will proceed according to the Federal Rules of Civil Procedure.

5. Because the Court may also remand this case sua sponte, if the Plaintiff does *not* file a motion to remand within the stated time period, the Court will consider additional briefing from the Defendant addressing the colorability of any federal defenses it raises. Any such brief must be filed within **7 days** of the expiration of the period the Plaintiff has been provided to file a motion to remand.

**SO ORDERED**, this 1st day of October, 2012.

                                         S/ Marc T. Treadwell
                                         MARC T. TREADWELL, JUDGE
                                         UNITED STATES DISTRICT COURT